**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------
**KUI LI,**

                 **Plaintiff,**         **08 Civ. 7353 (JGK)**

      **- against -**              **MEMORANDUM OPINION AND**
                                                          **ORDER**
**JANET NAPOLITANO, et al.,**

                **Defendants.**
------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Kui Li, brought this action originally as a habeas petition to vacate the August 8, 2008 decision of the United States Citizenship and Immigration Services (the "C.I.S.") denying his Application to Register Permanent Residence or Adjust Status (the "I-485 application") on the basis of attempted fraudulent entry into the United States.  In the interim, the C.I.S. reopened the plaintiff's case.  The plaintiff now seeks a limited remand of his case which would preclude the C.I.S. from considering his past arrest for driving under the influence (the "D.U.I.") in the plaintiff's reopened I-485 application.  The defendants, Janet Napolitano, Secretary of the Department of Homeland Security, Michael Aytes, Acting Deputy Director, United States Citizenship and Immigration Services, John P. Torres, Acting Assistant Secretary, Immigration and Customs Enforcement, Christopher

1

Shanahan, New York Field Office Director, Immigration and Customs Enforcement, and Andrea Quarantillo, New York District Director, Citizenship and Immigration Services (collectively, the "defendants"), move to dismiss the plaintiff's action for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

I

On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In considering such a motion, the Court generally must accept the material factual allegations in the Complaint as true. See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). The Court does not, however, draw all reasonable inferences in the plaintiff's favor. See id.; see also Graubart v. Jazz Images, Inc., No. 02 Civ. 4645, 2006 WL 1140724, at *2 (S.D.N.Y. Apr.27, 2006). Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine

whether jurisdiction exists.  See APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003); see also Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).  In doing so, the Court is guided by that body of decisional law that has developed under Federal Rule of Civil Procedure 56.  Kamen, 791 F.2d at 1011 (collecting cases); see also Melnitzky v. HSBC Bank USA, No. 06 Civ. 13526, 2007 WL 1159639, at *5 (S.D.N.Y. Apr. 18, 2007).

With respect to motions made pursuant to Rule 12(h)(3), the analysis is the same as that for a Rule 12(b)(1) motion.  See Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 879-80 n.3 (3d Cir. 1992); accord Peterson v. Cont'l Airlines, Inc., 970 F. Supp. 246, 248-49 (S.D.N.Y. 1997).

II

For the purposes of this motion, the Court accepts as true the following facts as alleged in the Complaint.  The plaintiff is a citizen of the People's Republic of China. (Compl. ¶ 2.)  On August 19, 1991, at the age of 15, the plaintiff was arrested for attempting to enter the United States with a fraudulent Taiwanese passport given to him by a smuggler.  (Compl. ¶ 2; Ex. A.)  On March 20, 1992, an

3

immigration court ordered the plaintiff to be excluded from the United States.  The plaintiff did not comply with the exclusion order.  (Compl. ¶ 2.)  Instead, he remained in the United States, finding employment and starting a family.  (Compl. ¶¶ 2, 12, 15-16.)  In 2006, the plaintiff was arrested for driving under the influence, which brought him to the attention of Immigration and Customs Enforcement ("I.C.E.").  The plaintiff is currently under an I.C.E. supervision order.  (Compl. ¶ 2.)  Subsequent to his arrest, the plaintiff successfully completed an alcohol abuse treatment program.  (Compl. ¶ 14.)

On June 26, 2006, the plaintiff submitted an I-485 application to the C.I.S.  (Ex. A.)  On January 8, 2007 and August 7, 2008, officers from the New York District Office of the C.I.S. conducted interviews with the plaintiff in connection with the plaintiff's I-485 application.  At both of these interviews, the plaintiff informed the officers that he attempted to enter the United States with a counterfeit passport when he was 15 years old.  (Compl. ¶¶ 8-9.)  At the August 7, 2008 interview, the plaintiff also submitted letters from the alcohol treatment center praising his success in completing its program.  (Compl. ¶ 14.)

On August 8, 2008, the C.I.S. issued an order denying the plaintiff's I-485 application based on the plaintiff's arrest for attempting to enter the United States with fraudulent travel documents in violation of 8 U.S.C. § 1182(a)(6)(C)(i).  (Compl. ¶ 4; Ex. A.)  At some point between August 8, 2008 and August 20, 2008, the plaintiff filed another I-485 application.  (Compl. ¶ 12.)

On August 20, 2008, the plaintiff filed this action seeking an order to vacate the decision of the C.I.S. on the grounds that the plaintiff was under 18 years of age when he was arrested for misrepresentation and therefore falls under the statutory exception to inadmissibility due to conviction of a crime.  See 8 U.S.C. § 1182(a)(2)(A)(ii)(I).  On March 26, 2009, the C.I.S. notified the plaintiff that it was reopening his case, which precipitated the defendants' motion to dismiss for lack of subject matter jurisdiction.  (Defs.' 3/26/09 Letter to the Ct.)

III

The defendants move to dismiss on the grounds that the plaintiff's case is moot because the C.I.S. vacated its August 8, 2008 decision and reopened the plaintiff's I-485 application, the relief that the plaintiff sought in his

5

Complaint.  The defendants also argue that the plaintiff's request for a limited remand precluding consideration of the plaintiff's D.U.I. arrest does not save the plaintiff's case from mootness because the plaintiff did not seek such relief in his Complaint and may not amend the Complaint through his brief.  Moreover, the defendants contend that the Court may not curtail the discretion of the C.I.S. by preventing it from weighing the D.U.I. arrest.

The plaintiff responds that his case is not moot because his Complaint prays for "any other relief that this Court deems just and proper," which would include a limited remand precluding consideration of the plaintiff's D.U.I. arrest.  (Compl. Prayer for Relief ¶ 3.)  The plaintiff asserts that such relief is appropriate for two reasons.  First, the plaintiff cites judicial hostility to "post hoc rationalizations."  The plaintiff believes that if the C.I.S. denies the plaintiff's reopened I-485 application on the basis of his D.U.I. arrest when that arrest was not the basis of the original denial, the C.I.S. would be engaging in post hoc rationalization. (Ex. A.)  Second, the plaintiff claims that this Court has the power to limit the discretion of the C.I.S. by preventing it from weighing the D.U.I. arrest.  The plaintiff argues in the alternative that his case falls within the "capable of repetition, yet

6

evading review" exception to the mootness doctrine.  Cf. Knaust v. City of Kingston, 157 F.3d 86, 88 (2d Cir. 1998) (citing S. Pac. Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 514-15 (1911)).  The plaintiff appears to contend that if the C.I.S. is permitted to weigh the D.U.I. arrest and the C.I.S. ultimately denies the plaintiff's I-485 application on those grounds, the Court will be unable to review that decision, thus creating an issue capable of repetition, yet evading review.

A

An actual case or controversy must exist at all stages of federal court proceedings to support subject matter jurisdiction.  See U.S. Const. Art. III; see also Preiser v. Newkirk, 422 U.S. 395, 401 (1975); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Fox v. Bd. of Tr. of the State Univ. of New York, 42 F.3d 135, 139-40 (2d Cir. 1994).  The mootness doctrine is derived from the constitutional requirement that federal courts may only review live cases or controversies.  See DeFunis, 416 U.S. at 316; see also In re Kurtzman, 194 F.3d 54, 58 (2d Cir. 1999); Phillips v. Ienuso, No. 93 Civ. 6027, 1995 WL 239062, at *1 (S.D.N.Y. Apr. 24, 1995).  "The hallmark of a moot case or controversy is that the relief sought can no longer be

given or is no longer needed." Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983). In addition, when "the parties lack a legally cognizable interest in the outcome, a case is moot and the federal court is divested of jurisdiction over it." Catanzano v. Wing, 277 F.3d 99, 107 (2d Cir. 2001) (internal citation and quotation marks omitted). "[T]he mootness doctrine ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit, including the pendency of the appeal. Accordingly, a case that is 'live' at the outset may become moot 'when it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury.'" Cook v. Colgate Univ., 992 F.2d 17, 19 (2d Cir. 1993) (quoting Alexander v. Yale Univ., 631 F.2d 178, 183 (2d Cir. 1980)) (internal citations omitted). In sum, "[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action." Fox, 42 F.3d at 140 (alteration added) (internal quotation marks omitted); accord Kurtzman, 193 F.3d at 58.

In the immigration and naturalization context, courts have dismissed cases as moot where the executive agency to which the plaintiff has applied grants the relief sought in the complaint prior to the court's adjudication. See,

e.g., Langer v. McElroy, No. 00 Civ. 2741, 2002 WL 31789757, at *3 (S.D.N.Y. Dec. 13, 2002) (holding that the plaintiff's case was moot even though the Immigration and Naturalization Service (the "INS") failed to reach a decision within the statutory 120 day period because the INS did reach a decision prior to the court's adjudication); Bahet v. Ashcroft, No. 01 Civ. 9334, 2002 WL 971712, at *1 (S.D.N.Y. Apr. 10, 2002) (same); Lawal v. U.S. Immigration and Naturalization Serv., No. 94 Civ. 4606, 1996 WL 384917, at *2 (S.D.N.Y. July 10, 1996) (holding that the plaintiff's case was moot because "[t]he only relief that the complaint sought was a judicial order that the INS act.  The INS has acted.").

In this case, the plaintiff's lawsuit must be dismissed for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3) on the grounds of mootness. The primary relief sought in the Complaint is for this Court to order the C.I.S. to vacate its decision of August 8, 2008, which the C.I.S. did of its own accord on March 26, 2009, prior to this Court's adjudication.  The C.I.S. reopened the plaintiff's case in light of the plaintiff's minority status at the time of his arrest for attempting to enter the United States with fraudulent travel documents. See 8 U.S.C. § 1181(a)(2)(A)(ii)(I).  The plaintiff's case

is moot because "the relief sought can no longer be given or is no longer needed," Martin-Trigona, 702 F.2d at 386. There is no longer a live controversy between the parties. Accordingly, pursuant to Article III of the United States Constitution and Rules 12(b)(1) and 12(h)(3), this Court "must dismiss the action for lack of subject matter jurisdiction." Lawal, 1996 WL 384917, at *2 (citing N.Y. City Employees' Ret. Sys. v. Dole Food Co., 969 F.2d 1430, 1433 (2d Cir. 1992)).

B

The plaintiff argues that his case is not moot because all available relief from this Court has not been exhausted. The plaintiff contends that his generic prayer for "any other relief that this Court deems just and proper" includes a limited remand precluding the C.I.S. from considering the plaintiff's D.U.I. arrest in his reopened I-485 application. (Compl. Prayer for Relief ¶ 3.) The plaintiff claims that the Court has the authority to grant such a remand, citing Yang v. McElroy, 277 F.3d 158, 164 (2d Cir. 2002; Jiang v. Bd. of Immigration Appeals, No. 03-40297, 2007 WL 642961, at *2 (2d Cir. Feb. 27, 2007); and Tifow v. Mukasey, 303 Fed. Appx. 377, 378-79 (9th Cir. 2008). The plaintiff also asserts that such a

10

remand is consistent with federal courts' hostility to post hoc rationalizations. This argument is without merit.[1]

While the plaintiff is correct that his generic prayer for relief does not foreclose the possibility of the Court granting relief not specifically requested in the Complaint, there is no basis to grant the relief the plaintiff seeks.[2] The plaintiff essentially asks this Court to dictate in advance how the C.I.S. should exercise its discretion and to preclude it from considering an issue before it has even indicated that it will consider the issue.

In Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 64-65 (2004), the Supreme Court held that "when an agency

---

[1] The first prayer for relief in the petition asks the Court to "Issue Plaintiff a writ of habeas corpus ordering Defendant U.S.I.C.E. to refrain from detaining Plaintiff pending resolution of this action." (Compl. Prayer for Relief ¶ 1.) The plaintiff correctly does not rely on this request to argue that the case is not moot. Because the original order at issue was vacated, and because there is no basis to dictate to the C.I.S. how it should exercise its discretion at the reopened hearing, and because the plaintiff provides no other argument to require the C.I.S. to cease to take any action with respect to the plaintiff, this prayer for relief is no basis to find that the action is not moot.

[2] The defendants are correct in stating that "[i]t is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs." Fadem v. Ford Motor Co., 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005) (collecting cases). However, while parties may not raise new allegations in their briefs to make up for any legal deficiencies in their complaints, the plaintiff may include a generic prayer for relief in his Complaint and then subsequently recommend to the Court what that relief should be. See In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig., 568 F. Supp. 2d 376, 383-84 (S.D.N.Y. 2008); see also New Amsterdam Cas. Co. v. Waller, 323 F.2d 20, 24-25 (4th Cir. 1963) ("[The plaintiff] need not set forth any theory or demand any particular relief for the court will award appropriate relief if the plaintiff is entitled to it upon any theory.")

is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be." Accord Benzman v. Whitman, 523 F.3d 119, 130 (2d Cir. 2008). Because an "adjustment of status [is] discretionary, the Immigration Judge will need to determine whether petitioner's case merits a favorable exercise of the Judge's discretion." Drax v. Reno, 338 F.3d 98, 118 (2d Cir. 2003). It follows that it is impermissible for this Court to short-circuit the immigration process by precluding the C.I.S. from exercising its jurisdiction to consider the plaintiff's D.U.I. arrest in his reopened I-485 application. See Zhicay v. Sec'y of Dep't of Homeland Sec., No. 05 Civ. 315, 2005 WL 3180188, at *4 (D. Conn. Nov. 23, 2005) (collecting cases).

The cases that the plaintiff cites do not stand for the proposition that this Court has the authority to order the limited remand that the plaintiff requests. In Yang, the Court of Appeals for the Second Circuit preserved the discretion of the Board of Immigration Appeals (the "B.I.A.") rather than stripping it, holding that "[on remand], the BIA must evaluate appellant's actions and experiences in the aggregate in order to determine whether

12

the totality of the circumstances support denial of an asylum request." Yang 277 F.3d at 164.  In Jiang, the Court of Appeals similarly held that "[on remand], the BIA [must] clarify the standard it applies in determining whether this asylum application is frivolous, and determine whether the facts of Jiang's case meet that standard." Jiang, 2007 WL 642961, at *2.  Finally, in Tifow, the Court of Appeals for the Ninth Circuit ordered a remand for the immigration judge to explain why she had abruptly stopped her oral decision in mid-sentence and then provided a written decision instead.  Tifow, 303 Fed. Appx. at 378-79. There, too, the immigration agency's discretion was preserved.  Id. at 379-80.

Moreover, because the C.I.S. has reopened the plaintiff's I-485 application, the plaintiff's request for a limited remand is not ripe for judicial review.  Ripeness is a justiciability doctrine "drawn from both Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction."  Reno v. Catholic Soc. Serv., Inc., 509 U.S. 43, 57 n.18 (1993).  The doctrine is designed to "protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."  Nat'l Park Hospitality Ass'n v.

13

Dep't of Interior, 538 U.S. 803, 807-08 (2003) (quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967)). "Determining whether administrative action is ripe for judicial review requires us to evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." Id. at 808.

"[T]he 'fitness' analysis is concerned with whether the issues sought to be adjudicated are contingent on future events or may never occur." N.Y. Civil Liberties Union v. Grandeau, 528 F.3d 122, 132 (2d Cir. 2008) (quoting Simmonds v. Immigration and Naturalization Serv., 326 F.3d 351, 359 (2d Cir. 2003) (internal citation and quotation marks omitted).

"In assessing this possibility of hardship, we ask whether the challenged action creates a direct and immediate dilemma for the parties.  The mere possibility of future injury, unless it is the cause of some present detriment, does not constitute hardship." Grandeau, 528 F.3d at 134 (internal citations and quotation marks omitted); see also Cuomo v. Dreamland Amusements, Inc., 08 Civ. 7100, 2008 WL 4369270, at *7-8 (S.D.N.Y. Sept. 22, 2008).

14

Because the C.I.S. has reopened the plaintiff's I-485 application, the plaintiff's request for a limited remand is not ripe for judicial review. The plaintiff is asking for intervention in a reopened agency investigation with an uncertain outcome. There is no way to know whether the C.I.S. will, in fact, reject the plaintiff's I-485 application at all, let alone on the basis of the plaintiff's D.U.I. arrest. In addition, the plaintiff has not alleged any present detriment. While the plaintiff argues that it would be wrong for the C.I.S. to consider his D.U.I. arrest, it would be premature at this point to determine the merits of any reliance by the C.I.S. on the plaintiff's prior D.U.I. arrest. Accordingly, the issue is not ripe because it is neither fit for judicial decision nor will result in hardship to the plaintiff if left unadjudicated.

C

The plaintiff argues in the alternative that his case falls within the "capable of repetition, yet evading review" exception to the mootness doctrine. Where an otherwise moot issue is "capable of repetition, yet evading review," it is not properly dismissed pursuant to Rule 12(b)(1). See Knaust, 157 F.3d at 88; Dennin v. Conn.

15

Interscholastic Athletic Conference, Inc., 94 F.3d 96, 100-01 (2d Cir. 1996). "This facet of the mootness doctrine . . . is applicable only in exceptional situations. In the absence of a class action, we deem 'capable of repetition' to mean that there is a reasonable expectation that the same complaining party would be subjected to the same action again; the appellant must show that these same parties are reasonably likely to find themselves again in dispute over the issues raised in this appeal. Further, mere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence." Dennin 94 F.3d at 101 (internal citations, quotation marks, and alterations omitted).

    The plaintiff's case does not fall within the "capable of repetition, yet evading review" exception to the mootness doctrine. There is no reasonable prospect that the C.I.S. will rely again on the plaintiff's arrest for attempting to enter the United States with fraudulent travel documents, and the C.I.S. has not yet relied on the plaintiff's D.U.I., and thus there is nothing to repeat with respect to that issue. Therefore, the plaintiff has failed to show that he has raised the exceptional situation

16

of a dispute that is capable of repetition yet evading review.

For the foregoing reasons, the plaintiff's case is moot. Therefore, the defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3) is **granted**.

## Conclusion

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, the defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3) is **granted**. The Clerk is directed to enter Judgment dismissing the complaint. The Clerk is directed to close Docket No. 7 and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         July 29, 2009

_____
John G. Koeltl
United States District Judge